UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| **SCOTT CARL DIDONATO,** | ) | |
| **Plaintiff,** | ) ) ) | |
| v. | ) ) | Case No. 23-cv-2566 (APM) |
| **DENIS R. MCDONOUGH,** Secretary of Veterans Affairs, *et al.*, | ) ) ) ) | |
| **Defendants.** | ) ) | |

## MEMORANDUM OPINION

In this matter brought against the U.S. Department of Veterans Affairs ("USDVA") and the Secretary of the USDVA Denis McDonough, Plaintiff Scott DiDonato seeks entry of "a declaratory judgment that the USDVA must answer (approve or deny, in whole or in part) the Plaintiff's request for equitable relief under Title 38 U.S.C. § 503." Compl., ECF No. 1, ¶ 32.a.

Plaintiff's claim is now moot. Plaintiff purports to have first sought equitable relief in March 2015 and at various times thereafter until May 2023. *Id.* ¶ 2. USDVA, however, rejected Plaintiff's request on or about February 25, 2015. *See* Defs.' Reply in Support of Defs.' Mot. to Dismiss, ECF No. 13, Ex. A, ECF No. 13-1, at 3–4 (ECF pagination).[1] Then, on January 23, 2024 ("January 23 Letter"), after Plaintiff filed this lawsuit, the USDVA notified Plaintiff that it had rejected his petition for equitable relief in February 2015 and speculated that Plaintiff "may not have received notification of such decision." *Id.* at 2. Further, USDVA acknowledged receipt of

---

[1] It is not clear how USDVA rejected Plaintiff's request for equitable relief in late February 2015, when he allegedly first made the request in March 2015. It may be that Plaintiff is simply mistaken about when he initially sought relief. In any event, regardless of this timing discrepancy, Plaintiff does not dispute that the February 2015 notice pertains to the request for equitable relief at issue in his complaint.

"[a]nother request for equitable relief" and advised that "[n]oting a review of arguments and the case file, the prior determination stands." *Id.* Accordingly, as USDVA already has informed Plaintiff of the denial of his request for equitable relief, Plaintiff "has already obtained all the relief that [he] has sought," thus making his claim moot. *Porzecanski v. Azar*, 943 F.3d 472, 479 (D.C. Cir. 2019) (quoting *Conservation Force, Inc. v. Jewell*, 733 F.3d 1200, 1204 (D.C. Cir. 2013)) (internal quotation marks omitted).

Plaintiff argues that the case is not moot because the January 23 Letter neither specifies which of his several petitions the agency considered nor provides an explanation of the reasons for the denial. Pl.'s Resp. to Defs.' Mot. to Dismiss, ECF No. 11, at 5 (ECF pagination). He worries that he will have to "file a follow-up with Defendant" that will go unaddressed, which will cause him to "fall back into a multi-year cycle of being ignored" and leave him with "uncertainty and insecurity concerning his legal relationship with the VA." *Id.* Although the court agrees that the January 23 Letter is short on specifics, the court lacks the authority to compel a more detailed response, now that Plaintiff has obtained the relief that he sought when he filed suit. *See Conservation Force*, 733 F.3d at 1204. This case therefore is moot.

For the foregoing reasons, Defendants' Motion to Dismiss, ECF No. 9, is granted. A final, appealable order accompanies this Memorandum Opinion.

Dated: May 23, 2024

                                                  Amit P. Mehta
                                                  United States District Court Judge